[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13996
Non-Argument Calendar

_____

Agency No. A77-354-235

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

MEI ZHEN LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Final Order
of the Board of Immigration Appeals

_____

(June 8, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Mei Zhen Li, a citizen and national of the People's Republic of China, petitions this Court for review of the Board of Immigration Appeals' (BIA's) final order affirming the Immigration Judge's (IJ's) removal order, which found that Li failed to establish eligibility for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Li asserts the IJ erred in determining (1) she failed to establish eligibility for asylum, and (2) she failed to establish eligibility for withholding of removal under the INA or the CAT. The IJ did not err. We deny the petition.

## I. DISCUSSION

Li claims if she were removed to China she would be forced to have an abortion because she has violated the government's family planning policy. She alleges that, since arriving in the United States in 2001 without a valid entry document, she has given birth to a daughter and was expecting a second child at the time of the hearing before the IJ. Li asserts the IJ did not adequately consider the likelihood of persecution she would face upon being returned to China. To support her claim she would be tortured upon return, she relies heavily upon the

U.S. Department of State Country Report on Human Rights Practices for 2003, even though this document was not before the IJ.[1]

A.    *Asylum*

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion, thereby making the IJ's decision the final agency determination. *Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). The IJ's factual determination that an alien is not entitled to asylum must be upheld if supported by substantial evidence. *See Mazariegos v. Attorney Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find the requisite fear of persecution exists. *INS v. Elias-Zacarias*, 112 S. Ct. 812, 815 n.1 (1992).

An alien who arrives in or is present in the United States may apply for asylum. *See* 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *See* 8 U.S.C. § 1158(b)(1). A "refugee" is:

---

[1] We cannot consider this report. *See* 8 U.S.C. § 1252(b)(4)(A) (providing "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion

8 U.S.C. § 1101(a)(42)(A).  This statute addresses forced abortions as follows:

For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B).

The asylum applicant carries the burden of proving statutory "refugee" status.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  If the applicant meets this burden, then the Attorney General may exercise his discretion to grant the applicant asylum.  *Id.*  An alien is entitled to asylum if she can establish, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor; or (2) a "well-founded fear" that a statutorily listed factor will cause future persecution.  8 C.F.R. § 208.13(a), (b).  If an alien demonstrates

4

past persecution, she is presumed to have a well-founded fear of future persecution. 8 C.F.R § 208.13(b)(1). If, however, an alien does not establish past persecution, she bears the burden of demonstrating a well-founded fear of persecution by showing that (1) she fears persecution based on a statutorily listed factor, (2) there is a reasonable possibility she will suffer persecution in her home country, and (3) she could not avoid persecution by relocating to another part of her home country, if, under all of the circumstances, it would be reasonable to expect her to do so. *See* 8 C.F.R. § 208.13(b)(2), (3)(i).

Substantial evidence supports the IJ's finding that Li failed to demonstrate either past persecution or a well-founded fear of future persecution on account of a protected ground. First, Li did not establish past persecution. She presented no evidence, either documentary or testimonial, showing she previously had been persecuted in China based upon its family planning policy.

Second, Li did not meet her burden to establish a well-founded fear of future persecution because she did not show there was a reasonable possibility she would suffer persecution in her home country. Although Li testified she feared she would be forced to undergo an abortion or sterilization if she returned to China, she presented little, if any, evidence to support this assertion, and in fact, virtually all of the evidence in the record was to the contrary. Although the U.S.

5

Department of State's 1998 Profile of Asylum Claims and Country Conditions for China acknowledged that forced abortions continued to occur in certain areas, it noted that the Fujian province, where Li was from, had only "lax enforcement" of the family planning rules, and that a second child was often permitted if the first child was a female, as Li's first child was. Two children were permitted without the necessity of paying a fine for the second child. It also stated that, for children born abroad like Li's children, parents faced only modest fines upon return to China, based upon the additional costs of housing and schooling the children. These children were even characterized as "bonus" children.

The 2002 China Country Assessment, apparently from the United Kingdom, noted the Fujian province was lax in implementing the birth control policies, and the policy was "less strict in Fujian than in any other province except Guangdong." It stated authorities in Fujian worked by incentive schemes rather than forced abortions and sterilization, which were not tolerated. Finally, the U.S. Department of State's 2001 Country Report on Human Rights Practices noted that, in rural areas of China, where 70 percent of the population lived, the one-child policy was not strictly enforced and that, outside the cities, exceptions to the policy were becoming "the norm." Accordingly, substantial evidence in the record

supported the IJ's conclusion that Li did not establish a well-founded fear of future persecution.

B.     *Withholding of Removal*

Li asserts she is entitled to withholding of removal under the INA and the CAT.  The IJ's factual determination an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence.  *See Najjar*, 257 F.3d at 1283.  An alien is entitled to withholding of removal under the INA if she can show her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287 (11th Cir. 2003).  The alien bears the burden of demonstrating it is "more likely than not" she will be persecuted or tortured upon being returned to her country.  *Fahim v. U.S. Attorney General*, 278 F.3d 1216, 1218 (11th Cir. 2002).  If, however, "'an applicant is unable to meet the 'well-founded fear' standard for asylum, [s]he is generally precluded from qualifying for either asylum or withholding of deportation.'" *Al Najjar*, 257 F.3d at 1292-93 (citation omitted).

To obtain withholding of removal under the CAT, the burden is on the applicant to establish it is "more likely than not" she will be tortured in the country of removal.  8 C.F.R. § 208.16(c)(2).

7

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1). The burden of proof for an applicant for withholding of removal under the CAT, as with the applicant under the INA, is higher than the burden imposed on an asylum applicant. *Al Najjar*, 257 F.3d at 1303.

Because Li failed to establish asylum eligibility, she cannot establish eligibility for withholding of removal under the INA or the CAT. In addition, Li failed to demonstrate she would more likely than not be persecuted or tortured upon her return to China. The record supports the IJ's conclusion that Li would not face forced abortion or sterilization if returned to the Fujian province of China after having two children abroad.

## II. CONCLUSION

We find the IJ's decision was supported by substantial evidence, and deny the petition for review.

PETITION DENIED.